IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JOHN PISKANIN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, *AS SPECIAL AGENT IN CHARGE PHILADELPHIA DISTRICT OFFICE OF FEDERAL BUREAU OF INVESTIGATION*, ET AL. | : : : : | NO. 09-2553 |

**M E M O R A N D U M**

BAYLSON, J.                                                    JUNE     , 2009

Petitioner, an inmate at SCI-Cresson, has filed a pro se petition for a writ of mandamus in which he describes himself as a "former operative for United States law enforcement agencies," and asserts that numerous public officials have engaged in a long-standing conspiracy to have him murdered, and to subject him to malicious prosecution, illegal sentencing, mistreatment while incarcerated, and various other violations of his constitutional rights. As relief, petitioner requests that this Court order the respondents[1] to: (a) transfer him to federal custody; (b) investigate his claims of constitutional violations; and (c) "remove" two pending "criminal prosecutions."

With his petition, petitioner has filed a request for leave to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in

---

1. Petitioner brings this action against "John Doe," whom he identifies as the Special Agent in Charge of the Philadelphia District Office of the Federal Bureau of Investigation, and "Mueller," whom he identifies as the Director of the Federal Bureau of Investigation.

forma pauperis is granted pursuant to 28 U.S.C. § 1915(a). However, the instant petition will be dismissed as legally frivolous.

The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a petitioner only if he has exhausted all other avenues of relief and only if the respondent owes petitioner a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984). A party seeking the issuance of a writ of mandamus must also satisfy the burden of showing that his right to the issuance of the writ is clear and indisputable. Kerr v. United States District Court, 426 U.S. 394, 402-403 (1976) (quoting U.S. ex rel. Bernadin v. Duell, 172 U.S. 574, 582 (1989).

Petitioner has failed to allege, nor does his petition suggest, that he has "exhausted all other avenues of relief" to obtain the relief he seeks, or that "his right to the issuance of the writ is clear and indisputable." Further, petitioner's request for intervention in two pending criminal actions may not be granted because this Court may not interfere in the state judicial process absent the existence of circumstances warranting equitable relief. Younger v. Harris, 401 U.S. 37, 54-55 (1971); Grode v. Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953, 956-57 (3d Cir. 1993). The facts alleged by plaintiff do not meet these requirements.

Accordingly, the petition for a writ of mandamus is dismissed as legally frivolous.

An appropriate order follows.